United States District Court
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                          OAKLAND DIVISION

6

7

8   RAYMUNDO A. PALACIOS,

9                 Plaintiff,                    No. C 06-7619 PJH

10        v.                                    **ORDER DENYING MOTION**
                                                **FOR SUMMARY JUDGMENT**
11  L. CHAVEZ,

12               Defendants.
                                       /
13

14        This is a civil rights case filed pro se by a state prisoner.  Plaintiff contends that

15  defendant was deliberately indifferent to his safety in exposing him to attack from other

16  prisoners after being warned by plaintiff and plaintiff's mother of a potential threat to his

17  safety.  Before the court for decision is defendant's fully submitted motion for summary

18  judgment.  For the reasons set out below, the motion will be denied.

19                              **DISCUSSION**

20  **I.    Standard of Review**

21        Summary judgment is proper where the pleadings, discovery and affidavits show

22  that there is "no genuine dispute as to any material fact and that the moving party is entitled

23  to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may

24  affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

25  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

26  to return a verdict for the nonmoving party.  *Id.*

27        The moving party for summary judgment bears the initial burden of identifying those

28  portions of the pleadings, discovery, and affidavits that demonstrate the absence of a

1   genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan*

2   *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving

3   party has met this burden of production, the nonmoving party must go beyond the

4   pleadings and, by its own affidavits or discovery, set forth specific facts showing that there

5   is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to

6   show a genuine issue of material fact, the moving party wins.  *Id.*

7   **II.    Analysis**

8         Plaintiff contends that defendant was deliberately indifferent to his safety needs, a

9   violation of the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)

10  (prison officials have a duty to protect prisoners from violence at the hands of other

11  prisoners).

12        **A.      Standard for Eighth Amendment Safety Claims**

13        The Eighth Amendment requires that prison officials take reasonable measures for

14  the safety of prisoners.  *Id.* at 832.  In particular, prison officials have a duty to protect

15  prisoners from violence at the hands of other prisoners.  *Id.* at 833.  An Eighth Amendment

16  failure-to-protect claim has two elements: (1) the condition complained of must be shown to

17  present a substantial risk of serious harm, and (2) the defendant must be shown to have

18  possessed a sufficiently culpable state of mind.  *Id.* at 834.

19         In prison conditions cases, the necessary state of mind to establish an Eighth

20  Amendment violation is one of "deliberate indifference."  *Id.*  A prison official cannot be held

21  liable under the Eighth Amendment for denying an inmate humane conditions of

22  confinement unless the standard for criminal recklessness is met, i.e., the official must

23  know of and disregard an excessive risk to inmate health or safety.  *Id.* at 837.  The official

24  must be aware of facts from which the inference could be drawn that a substantial risk of

25  serious harm exists, and he or she must also draw the inference.  *Id.*  A detention official's

26  knowledge of substantial risk "is a question of fact subject to demonstration in the usual

27  ways, including inference from circumstantial evidence . . . . "  *Id.* at 842 (citations omitted)

28  ///

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    Neither negligence nor gross negligence constitutes deliberate indifference. *Id.* at

2  835-36 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (deliberate indifference

3  requires more than negligence). "It is obduracy and wantonness, not inadvertence or error

4  in good faith, that characterize the conduct prohibited by the Cruel and Unusual

5  Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

6    **B.    Analysis**

7    The only materials defendant provides in support of his motion for summary

8  judgment are the written record of plaintiff's grievance in which he raised the claim he

9  presents here, and a part of his medical records showing the injury he sustained as a result

10  of the stabbing attack. There is no declaration from defendant, and the grievance materials

11  contain no admissible evidence as to defendant's state of mind in refusing to place plaintiff

12  in protective segregation. Defendant has not met his burden of production, so the burden

13  does not shift to plaintiff to show evidence of deliberate indifference. *See Nissan*, 210 F.3d

14  at 1102-06 ("A moving party may not require the nonmoving party to produce evidence

15  supporting its claim or defense simply by saying that the nomoving party has not such

16  evidence."). The motion for summary judgment must be denied.

17    **CONCLUSION**

18    Defendant Chavez's motion for summary judgment (document number 46 on the

19  docket) is **DENIED** without prejudice. Plaintiff's motion for a hearing (document number

20  43) is **DENIED** as moot.

21    It appears that this case could be decided on a properly-supported motion for

22  summary judgment. Therefore, any further dispositive motions shall be filed by October 31,

23  2011. Any opposition to such a motion shall be filed within thirty days of the date the

24  motion is served. Any reply is due fourteen days from the date the opposition is served.

25    **IT IS SO ORDERED.**

26  Dated:  September 29, 2011.

                                              PHYLLIS J. HAMILTON
27                                            United States District Judge

28

P:\PRO-SE\PJH\CR.06\PALACIOS619.MSJ2.wpd