UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAYMUNDO A. PALACIOS,

        Plaintiff,

        v.

L. CHAVEZ,

        Defendants.

        No. C 06-7619 PJH

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

        This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendant was deliberately indifferent to his safety in exposing him to attack from other prisoners after being warned by plaintiff and plaintiff's mother of a potential threat to his safety. Before the court for decision is defendant's fully submitted motion for summary judgment. For the reasons set out below, the motion will be denied.

**DISCUSSION**

**I.    Standard of Review**

        Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

        The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

**II.   Analysis**

Plaintiff contends that defendant was deliberately indifferent to his safety needs, a violation of the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (prison officials have a duty to protect prisoners from violence at the hands of other prisoners).

**A.   Standard for Eighth Amendment Safety Claims**

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners.  *Id.* at 832.  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833.  An Eighth Amendment failure-to-protect claim has two elements: (1) the condition complained of must be shown to present a substantial risk of serious harm, and (2) the defendant must be shown to have possessed a sufficiently culpable state of mind.  *Id.* at 834.

In prison conditions cases, the necessary state of mind to establish an Eighth Amendment violation is one of "deliberate indifference."  *Id.*  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official must know of and disregard an excessive risk to inmate health or safety.  *Id.* at 837.  The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference.  *Id.*  A detention official's knowledge of substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . . "  *Id.* at 842 (citations omitted)

///

Neither negligence nor gross negligence constitutes deliberate indifference. *Id.* at 835-36 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (deliberate indifference requires more than negligence). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

**B.    Analysis**

The only materials defendant provides in support of his motion for summary judgment are the written record of plaintiff's grievance in which he raised the claim he presents here, and a part of his medical records showing the injury he sustained as a result of the stabbing attack. There is no declaration from defendant, and the grievance materials contain no admissible evidence as to defendant's state of mind in refusing to place plaintiff in protective segregation. Defendant has not met his burden of production, so the burden does not shift to plaintiff to show evidence of deliberate indifference. *See Nissan*, 210 F.3d at 1102-06 ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nomoving party has not such evidence."). The motion for summary judgment must be denied.

## CONCLUSION

Defendant Chavez's motion for summary judgment (document number 46 on the docket) is **DENIED** without prejudice. Plaintiff's motion for a hearing (document number 43) is **DENIED** as moot.

It appears that this case could be decided on a properly-supported motion for summary judgment. Therefore, any further dispositive motions shall be filed by October 31, 2011. Any opposition to such a motion shall be filed within thirty days of the date the motion is served. Any reply is due fourteen days from the date the opposition is served.

**IT IS SO ORDERED.**

Dated:  September 29, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.06\PALACIOS619.MSJ2.wpd

3