UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAYMUNDO A. PALACIOS,

    Plaintiff,

    v.

L. CHAVEZ,

    Defendants.

No. C 06-7619 PJH

**ORDER GIVING ADDITIONAL NOTICE; DEADLINE FOR PARTIES TO FILE SUPPLEMENTAL MATERIALS**

    In *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), the Ninth Circuit held that pro se prisoner litigants must be given a warning about the requirements of Rule 56 of the Federal Rules of Civil Procedure pertaining to summary judgment and the consequences of such a motion. In *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), the court required somewhat similar warning about unenumerated motions to dismiss for failure to exhaust. This court routinely provides these warnings in its orders of service for prisoner pro se civil rights complaints.

    The Ninth Circuit now has held that the notices must be provided at the time the motions are filed, and that notices given in advance of such motions are not sufficient. *Woods v. Carey*, No 09-15548, slip op. 7871, 7874 (July 6, 2012). The new rule applies to all pending cases. *Id.* at 7885. There is a motion for summary judgment in this case otherwise ready for decision, but because the *Rand* notice was given in the service order, it was insufficient under *Woods*.

///

1      Plaintiff shall take notice of the attached warning.  If after considering it he wishes to
2 file additional argument or supporting materials to his opposition, he shall do so within
3 fifteen days.  If plaintiff makes a supplemental filing, defendant may file a reply within seven
4 days.  In view of the age of this case, no extensions of time will be granted except in the
5 most compelling circumstances.

6      **IT IS SO ORDERED.**

7 Dated:  July 11, 2012.

                                   _____
                                   PHYLLIS J. HAMILTON
                                   United States District Judge

G:\PRO-SE\PJH\CR.06\PALACIOS619.woods notice.wpd

2

**NOTICE**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.