1

2

3                        UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5                              OAKLAND DIVISION

6

7    RAYMUNDO A. PALACIOS,

8              Plaintiff,                          No. C 06-7619 PJH (PR)

9         v.                               **ORDER GRANTING
                                           DEFENDANT'S MOTION FOR**
10   L. CHAVEZ,                            **SUMMARY JUDGMENT**

11             Defendant.
                                    /
12

13        This is a civil rights case filed pro se by a state prisoner.  The parties have filed

14   cross-motions for summary judgment, and each has opposed the other's motion.[1]

15   Plaintiff's motion will be denied and defendant's motion will be granted.

16                              **BACKGROUND**

17        In its initial review order the court dismissed the complaint with leave to amend.  In

18   his amended complaint plaintiff abandoned his claims against defendants other than

19   Chavez.  The court ordered service.  Chavez' motion for summary judgment was denied

20   because the minimal materials provided in support of it, which did not even include a

21   declaration from Chavez, were insufficient.  The court noted in the ruling that "it appears

22   that this case could be decided on a properly-supported motion for summary judgment" and

23   set a new deadline for dispositive motions.  Both Chavez and plaintiff have moved for

24

25        [1]  After the motions were filed the Ninth Circuit decided *Woods v. Carey*, No 09-15548,
     slip op. 7871, 7874 (July 6, 2012), in which it held that it is not sufficient to give the notices
26   required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v.
     Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), prior to the time motions for summary
27   judgment or to dismiss for failure to exhaust are filed.  This court gave the required notices in
     July and afforded the parties the opportunity to supplement their papers if they wished to do
28   so.  Plaintiff filed an affidavit in response to the notice and defendant filed a reply.

United States District Court

For the Northern District of California

1  summary judgment, both have opposed the other's motion, and both have filed replies.

2          After the motions were ready for ruling, the Ninth Circuit decided *Woods v. Carey*,

3  No 09-15548, slip op. 7871, 7874 (July 6, 2012), in which it held that it is not sufficient to

4  give the notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en

5  banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003), prior to the time

6  motions for summary judgment or to dismiss for failure to exhaust are filed.  This court gave

7  the required notices in July and afforded the parties the opportunity to supplement their

8  papers if they wished to do so.  After the notice was given, plaintiff filed a "Motion For Court

9  Order Directing the Clerk of Court to File 'Affidavit of Raymund Palacios in Support of his

10  Motion For Summary Judgment' on Date Received by Court" (document number 63 on the

11  docket), a "Request for Judicial Notice in Support of His[] 'Motion for Summary Judgment[]'"

12  (document 64), and an "Affidavit of [] Raymond Palacios[] in Support of His [] 'Motion for

13  Summary Judgment[]" (document 65).  Of these, the first is an unnecessary motion to file

14  document sixty-five, the second is an unnecessary request that court "notice" the affidavit,

15  and the third is the affidavit itself.  The affidavit appears to be in response to the *Woods*

16  notice and will be treated as such.  Defendant Chavez has filed a reply to these filings.

**DISCUSSION**

18  **A.    Standard of Review**

19          Summary judgment is proper where the pleadings, discovery and affidavits show

20  that there is "no genuine dispute as to any material fact and the movant is entitled to

21  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may

22  affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

23  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

24  to return a verdict for the nonmoving party.  *Id.*

25          The moving party for summary judgment bears the initial burden of identifying those

26  portions of the pleadings, discovery and affidavits which demonstrate the absence of a

27  genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan*

28  *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving

party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

**B.    Analysis**

In this ruling the court has considered defendant Chavez's declaration in support of his motion for summary judgment, plaintiff's verified complaint, plaintiff's declaration in support of his motion for summary judgment, plaintiff's affidavit filed after he was given the *Woods* notice, and a declaration by plaintiff's mother.  The material facts are undisputed.

In late August and early September of 2005 Maria Romero, plaintiff's mother, called the prison thirty-eight times to request that her son be removed from general population.  Decl. Romero.  She eventually spoke with defendant Chavez.  *Id.*  She does not say what she told Chavez, but Chavez says in his declaration that she told him that she had just visited plaintiff, and that plaintiff had told her that his life was in jeopardy, without providing any specifics.  Decl. Chavez at ¶ 3.

Chavez called plaintiff to his office Immediately after speaking with Romero and asked him who presented the danger, saying that he need specifics.  *Id.* at ¶ 4.  Plaintiff says that in this conversation he told Chavez that a "prison gang" was "demanding to see his court documents to determine what plaintiff's criminal charges were."  Decl. Palacios at ¶ 1.  Chavez says "Palacios told me that he was not being harassed but that he was going to be because of his commitment offense as a sex offender.  He said they would find out about him."  Decl. Chavez at ¶ 4.  Chavez says that when he asked whether anyone had threatened him, plaintiff "could not identity any inmates who made threats or any specific threats."  *Id.* at ¶ 5.  Chavez asked plaintiff if he had received a note under the door of his cell, "a common method of inter-inmate communication," and plaintiff said he had not.  *Id.*  "I asked Palacios to describe the danger; he said only that it was going to happen."  *Id.*  Palacios says that Chavez told him he would have to "snitch" on gang members, and that plaintiff told Chavez that he knew what would happen to his family if he did.  Decl. Palacios

**United States District Court**
For the Northern District of California

3

United States District Court

For the Northern District of California

1  at ¶ 1.

2      Chavez declined to put plaintiff in Administrative Segregation.  Decl. Palacios at ¶ 1;

3  decl. Chavez at ¶ 9.  Plaintiff was stabbed that evening.  Compl. at 3; Pl.'s Aff. (July 27,

4  2012) at 2.

5      Prison officials have a duty to protect prisoners from violence at the hands of other

6  prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  The failure of prison officials to

7  protect inmates from attacks by other inmates or from dangerous conditions at the prison

8  violates the Eighth Amendment only when two requirements are met: (1) the deprivation

9  alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively,

10  deliberately indifferent to inmate safety.  *Id.* at 834

11      Neither negligence nor gross negligence will constitute deliberate indifference.

12  *Farmer*, 511 U.S. at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prison

13  official cannot be held liable under the Eighth Amendment for denying an inmate humane

14  conditions of confinement unless the standard for criminal recklessness is met, i.e., the

15  official knows of and disregards an excessive risk to inmate health or safety by failing to

16  take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  The official must both be

17  aware of facts from which the inference could be drawn that a substantial risk of serious

18  harm exists, and draw the inference.  *Id.*  However, an Eighth Amendment claimant need

19  not show that a prison official acted or failed to act believing that harm actually would befall

20  an inmate; it is enough that the official acted or failed to act despite his knowledge of a

21  substantial risk of serious harm.  *Id.* at 842.  This is a question of fact.  *Id.* at 842.

22      A prison official need not "believe to a moral certainty that one inmate intends to

23  attack another at a given place at a time certain before that officer is obligated to take steps

24  to prevent such an assault."  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Before

25  being required to take action the official must, however, have more than a "mere suspicion"

26  that an attack will occur.  *Id.*

27

28      The evidence presented in the parties' materials is not in material conflict.

The only question is whether on these facts Chavez knew that plaintiff faced a substantial risk of serious harm, and the only fact going to that point is that plaintiff told Chavez that members of a prison gang had asked plaintiff for papers showing the offense for which he had been convicted.  But there is no evidence in the materials before the court that the prisoners who threatened plaintiff had in fact learned that he was a sex offender, and plaintiff's unwillingness to name those who were threatening him, however understandable, meant that Chavez would be unable to know from whom plaintiff should be protected.  All Chavez had to go on was plaintiff's bare contention that he was in danger, completely lacking in specifics.  Such a contention could be made by any prisoner.  The court concludes that such a contention was barely enough to raise a "mere suspicion" that plaintiff was in danger.  *Berg*, 794 F.2d at 459 (mere suspicion not enough to show deliberate indifference).  From these facts Chavez could not have drawn the inference that a substantial risk of serious harm to plaintiff existed.  *See Farmer*, 511 U.S. at 837.  He was not deliberately indifferent.

### CONCLUSION

Chavez's motion for summary judgment (docket # 55) is **GRANTED**.  Plaintiff's motion for summary judgment (docket # 56) is **DENIED**.  Plaintiff's motion for a court order directing the clerk to file his affidavit (docket # 63) is **DENIED** as moot, the affidavit having been filed.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 11, 2012.                    _____

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\PALACIOS619.MSJ3.wpd